**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHRISTOPHER A. TAYLOR, | * | |
| Plaintiff, | | |
| v. | * | Civil Action No. 8:22-cv-01557-PX |
| HARRY D. THORNTON, | | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Christopher A. Taylor's motion to remand (ECF No. 12), and the motion to substitute the United States of America as defendant and motion to dismiss filed by the United States, on behalf of Defendant Harry D. Thornton (ECF No. 14). The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES the motion to remand, GRANTS the motion to substitute the United States as defendant and GRANTS the motion to dismiss.

I.      **Background[1]**

This case arises out of a workplace confrontation between Plaintiff Taylor and Defendant Thornton while both were on the job at the United States Postal Service ("USPS"). Taylor is a letter carrier and Thornton is his supervisor. ECF Nos. 26, 27-2. On May 21, 2021, Thornton threatened Taylor with a fistfight after Taylor confronted Thornton about his "lack of consideration" for Taylor's "disabilities." ECF No. 4 ¶¶ 7, 9. While making these verbal threats, Thornton also "stepp[ed] up to and against" Taylor. *Id.* ¶ 11.

---

[1] For purposes of resolving the motion to dismiss, the Court accepts as true, and construes in the light most favorable to Taylor, the facts pleaded in the Complaint, including all documents integrated into the Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

On March 14, 2022, Taylor filed suit in the Circuit Court for Montgomery County, Maryland, alleging against Thornton common law claims of assault and intentional infliction of emotional distress ("IIED"). *Id.* The United States, on behalf of Thornton, removed the case to this Court on June 23, 2022. ECF No. 1. As the basis for removal, the United States asserted that Thornton had been "acting lawfully in the course of his job as a United States Postal Service employee" when the events forming the basis of the Complaint transpired, and so under the Westfall Act, 28 U.S.C. § 2679, this Court retains original jurisdiction over the suit. *Id.* ¶ 6.

Taylor moved to remand the case on July 25, 2022. ECF No. 12. Next, on August 5, 2022, the United States, on behalf of Thornton, moved to substitute the United States as the proper defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1). ECF No. 14. The United States also separately moved to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]

The Court first turns to Taylor's motion to remand.

## II.      Motion to Remand

Under the Westfall Act, ["u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed. . .to the district court of the United States. . . ." 28 U.S.C. § 2679(d)(2). The Attorney General's certification as to scope of employment "shall conclusively establish" the propriety of removal. *Id.*; *see also Osborn v. Haley*, 549 U.S. 225, 243 (2007) ("By declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based

---

[2] Although Defendant also initially moved to dismiss the Complaint for insufficient service of process, Defendant later conceded that service was proper. ECF No. 17 at 2 n. 1.

on the court's disagreement with the Attorney General's scope-of-employment determination."). Accordingly, because the Attorney General certified that Thornton was acting within the scope of his employment as a federal employee during the events alleged in the Complaint, the Court need look no further.  ECF No. 14-2; *see also* 28 C.F.R. § 15.3 (delegating certification authority to the United States Attorneys).  The Court retains original jurisdiction over this matter.  *Osborn*, 549 U.S. at 243.

Taylor, in response, maintains that because the certification had not been included in the notice of removal, this Court's jurisdiction should not be invoked.  ECF No. 21-1 ¶ 7.  Although true that the certification was not included in the notice of removal, this is simply not required under the Westfall Act.  Rather, the Act makes clear that "upon certification," an action commenced in state court "shall be removed without bond at any time before trial."  28 U.S.C. § 2679(d)(2).  Defendant noted removal "upon certification" and in accordance with 28 U.S.C. § 2679(d)(2).  Remand is thus "categorically preclude[d]."  *Osborn*, 549 U.S. at 243.  Taylor's motion to remand is denied.

### III.    Motion to Substitute United States as Defendant

The Court next turns to the United States' motion to substitute itself for Thornton as the defendant.  The Westfall Act plainly permits substitution where the Attorney General certifies that the "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ."  28 U.S.C. § 2679(d)(1).  However, unlike the question of jurisdiction under the Act, a plaintiff can defeat substitution if he can "prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment."  *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997).  To do so, the plaintiff must advance "specific evidence or the forecast of specific

3

evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Id.* at 1155.  If the plaintiff submits such evidence, the burden then shifts back to the defendant to produce evidence in support of its position.  *Id.*  If the plaintiff fails to sustain its burden, the certification stands, and the Court substitutes the United States as the sole defendant for all tort claims.  *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

The scope of employment inquiry is governed by "the law of the state in which the tort occurred." *Id.* at 324.  The parties do not dispute that Maryland law applies.  In Maryland, "[t]he general test. . .for determining if an employee's tortious acts were within the scope of his employment is whether they were in furtherance of the employer's business and were 'authorized' by the employer." *Sawyer v. Humphries*, 587 A.2d 467, 470 (1991).  An act is "authorized" so long as it is "incident to the performance of the duties entrusted to him by the master, even though in opposition to his express and positive orders." *Id.*  When assessing whether a tortfeasor's alleged misconduct is within the scope of employment, the Court considers the totality of circumstances, to include: "(1) whether the employer should expect or foresee the conduct; (2) whether the conduct is similar to the conduct the employer authorizes; and (3) whether the conduct is close in time and space to the employee's job duties." *Khatami v. Compton*, 844 F. Supp. 2d 654, 659 (D. Md. 2012) (citing *Sawyer*, 587 A.2d at 471–72).

The Court concludes that substitution is warranted.  The Complaint alleges that Thornton threatened to fight Taylor over whether Taylor was due workplace accommodations for his disabilities (ECF No. 4 ¶ 7).  The certification merely reaffirms that which is plain from the pleading—Thornton acted within the scope of his employment when he purportedly threatened to "fight" Taylor.

4

Moreover, Taylor adduces no real evidence to undermine this conclusion.[3]  First, he argues obliquely that a "Disciplinary Action Proposal" unrelated to this case defeats the scope of employment analysis.  ECF No. 18-1 at 3.  The Court fails to see the logic of this argument precisely because most of the proposal had nothing to do with this case.  ECF No. 27-2. Likewise, the letter from Taylor included in the proposal underscores rather than undermines that the alleged misconduct was "incident to the performance of" Thornton's duties.  ECF No. 27-2; *Sawyer*, 587 A.2d at 470.  Taylor's submissions weave a tapestry of confrontation over Thornton's failures as a "subpar supervisor," and his utter lack of professionalism in the workplace.  ECF No. 27-2.  Thus, any supposed misconduct stems from Taylor's opposition to Thornton's shoddy performance as a manager.  *Id.*

Taylor next argues that the very nature of the allegations—assault and IIED—compel a finding that Thornton acted outside the scope of employment.  ECF Nos. 18-1 at 5; 21-1 ¶ 7. This argument wholly lacks merit.  Taylor must adduce *facts* to defeat the certification that Thornton had been acting within the scope of employment during the alleged incident.  Indeed, asserting that an employee's "alleged acts were wrongful is not, alone, sufficient to show that they were conducted outside the scope of employment, because if courts were to 'separate the activity that constitutes the wrong from its surrounding context—an otherwise proper exercise of authority—[they] would effectively emasculate the immunity defense'" at the heart of the Westfall Act.  *Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 306 F. Supp. 3d 776, 784 (D. Md. 2018) (quoting *Maron*, 126 F.3d at 325).  This argument is a nonstarter.

---

[3] Taylor has moved to supplement the record after he discovered that an exhibit appended to his opposition was incomplete.  ECF No. 27.  Because the supplement includes information relevant to the resolution of the dispositive motions, Taylor's motion for leave to supplement is granted.

Taylor next contends that because the USPS' "Standards of Conduct" manual prohibited Thornton's violent and threatening behavior, this somehow renders the claims beyond the scope of his employment.  ECF No. 21-1 ¶ 7.   But the very fact that the USPS manual addressed the potential that workplace altercations may devolve into such behavior demonstrates that such confrontations arise in the workplace and so, unfortunately, are foreseeable by the employer. ECF No. 25 at 9.  Moreover, an employee may act within the scope of his employment even where he disobeys the "express and positive orders" of an employer.  *Sawyer*, 587 A.2d at 470. That Thornton acted contrary to USPS policy does not render the alleged misconduct outside the scope of employment.

At bottom, Taylor has failed to offer either "specific evidence or the forecast of specific evidence" to demonstrate how Thornton's actions were outside the scope of his employment, *Gutierrez de Martinez*, 111 F.3d at 1155.  If anything, Taylor's proffered evidence supports rather than contradicts that Thornton acted within the scope of his employment when he confronted Taylor regarding his need for workplace accommodations.  *See Sawyer* 587 A.2d at 470.  Thus, the Court grants the motion to substitute the United States as Defendant.[4]

## IV.   Motion to Dismiss

The United States moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Because the Court finds that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, the Court need not reach Defendant's Rule 12(b)(6) argument.

---

[4] The Court also declines to grant Taylor an evidentiary hearing on this question.  Taylor does not proffer what facts he would elicit at a hearing, and so he has failed to persuade the Court that a hearing is necessary to resolve this motion.

### A.  Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim."  *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the action for lack of subject matter jurisdiction.  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted).  Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case.  *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

### B.  Analysis

The United States principally contends that it is immune from suit as to common law assault and IIED claims.  ECF No. 14-1 at 5–6.  Sovereign immunity protects the United States and its agencies from all lawsuits absent a waiver of immunity.  *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005).  Congress may, however, expressly waive sovereign immunity for

certain suits through the passage of legislation.  *See Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009).

The Federal Tort Claims Act ("FTCA") waives sovereign immunity against the United States or its agencies for suits involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  By the same token, the FTCA expressly exempts from such waiver the intentional tort of "assault," as well as claims "arising out of" an alleged assault.  28 U.S.C. § 2680(h); *see also Harms v. United States*, No. 91-2627, 1992 WL 203942, at *4–5 (4th Cir. Aug. 24, 1992) (barring IIED claim that is "dependent on" conduct constituting an exempted tort enumerated in 28 U.S.C. § 2680(h); *cf. Andrews v. United States*, 732 F.2d 366, 371 (4th Cir. 1984) (holding that plaintiff's claim arose out of medical malpractice, which is not listed in 28 U.S.C. § 2680(h), and thus was not barred by sovereign immunity).

From this, the Court easily concludes that the assault claim is barred.  Likewise, the IIED claim stems clearly from the assault such that it too is barred.  The IIED allegation is based on the same threats and provocation to engage in a fight as the assault.  ECF No. 4 ¶¶ 10, 17. Because the claims fall within the exceptions to suit under the FTCA, the United States is immune from suit as to both claims.  *See* 28 U.S.C. § 2680(h); *Harms*, 1992 WL 203942, at *4–5.  The Complaint must be dismissed.

### C.  Dismissal With or Without Prejudice

Whether to dismiss claims with or without prejudice remains well within the district court's discretion.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)); *Carter v.*

8

*Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).  Generally when a plaintiff has

not been afforded an opportunity to amend the complaint, dismissal should be without prejudice.

*Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013).  However, if amendment to the pleadings

would be futile, dismissal with prejudice is warranted.  *See Cozzarelli v. Inspire Pharms., Inc.*,

549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing

complaint with prejudice where "amendment would be futile in light of the fundamental

deficiencies in plaintiffs' theory of liability"); *McLean v. United States*, 566 F.3d 391, 401 (4th

Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal

without prejudice is of little benefit to the litigant, as the claim cannot be made viable through

reformulation.").

    The assault and IIED claims must be dismissed with prejudice because no amount of

artful pleading could change that the claims are barred under the FTCA.  Nor does Taylor offer

grounds to permit amendment.  Sure, Taylor summarily asserts that he wishes to pursue

"additional causes of action (i.e., under wage/employment laws) against the United States."  ECF

No. 18-1 at 3.  But he offers no explanation for how any such causes of action stem from the

May 21, 2021, alleged assault.  *See* Fed. R. Civ. P. 15(c)(1)(B) (stating that an amendment

relates back to the date of the original pleading when it "asserts a claim or defense that arose out

of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original

pleading").  Nor is it this Court's obligation to sift through over one hundred pages of his

appended exhibits to divine how they give rise to related causes of action.  *See* ECF Nos. 18-2,

26, 27-2.[5]  Although Taylor may very well pursue unrelated wage or employment allegations in a

---

[5] Taylor withdrew an exhibit originally filed as ECF No. 18-3 because it inadvertently exposed sensitive personal information and refiled the exhibit in redacted form as ECF No. 26.

separate cause of action, he gives the Court no grounds to amend *this* Complaint.  The dismissal of the Complaint is granted with prejudice.

### V.    Conclusion

For the above reasons, the Court denies Plaintiff's motion to remand, grants Defendant's motion to substitute, and grants Defendant's motion to dismiss.  A separate Order follows.

10/19/2022_____                          _____/S/_____
Date                                                            Paula Xinis
                                                                   United States District Judge

10